

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles E. Reagan
District Attorney
Marlin, Texas

Dear Sir:

Opinion No. O-4407
Re: Commissioners' Court is au-
thorized to pay damages to
adjacent landowner who is
damaged by diversion of water
by reason of construction of
county road. Payment should
be made from the General Fund
of the county.

Your request for opinion upon the following stated
questions:

"Can the Commissioner's Court of Falls
County by a proper order pay damages to an
adjacent landowner for the diversion of water
by reason of the construction of a road?

"If you have answered the above proposi-
tion in the affirmative, then what fund or
funds of the County can such payment be made?"

has been received and carefully considered by this department.

Article 6730, Vernon's Annotated Texas Civil Stat-
utes, cited by you in your letter, provides:

"The earth necessary to construct a cause-
way shall be taken from both sides, so as to
make a drain on each side thereof. Whenever it
is necessary to drain the water from any public
road, the overseer shall cut a ditch for that
purpose, having due regard for the natural water
flow, and with as little injury as possible to
the adjacent land owners. In such cases the

commissioners court shall cause the damages
to such premises to be assessed and paid out
of the general revenues of the county, and
in case of disagreement the same may be set-
tled by suit as in other cases."

The case of Angelina County v. Bond, 16 S. W. (2d)
356, cited by you in your letter, holds that a county is liable
for damages to lands by backing up surface waters in the con-
struction of a county road. We quote from the court's opinion
in said case as follows:

"Under the common law a county is not
liable for damages growing out of the negligence
of its officers or agents. This is the rule
in this state, unless such liability is created
by statute, either by express words or by nec-
essary implication. Haigel v. Wichita County,
84 Tex. 302, 19 S. W. 562, 31 Am. St. Rep. 63;
Nussbaum v. Bell County, 97 Tex. 86, 76 S. W.
430; Harris County v. Gerhart, 115 Tex. 449,
283 S. W. 139. The negligence of Angelina
county and its agents was not an issue. Appel-
lee's suit is not based upon the negligence of
appellant's officers or agents. His petition
alleged a taking of his property for public use
without compensation. If in fact appellant
took or damaged appellee's property for public
use, it rested under the absolute duty to com-
pensate him therefor. Under statutory provi-
sions property may be taken or damaged by coun-
ties for public use in establishing and maintain-
ing public roads, and the authority thus given
embraces the making of ditches and drains and
the building of embankments. It is therefore
true, as contended by appellee, that, when this
authority is properly exercised, a county may
be made liable for damages thereby caused to
private property. This would be a case in which
liability is expressly imposed upon the county.
Article 6730 (6935) (4745) R. S. 1925. Nuss-
baum v. Bell County, 97 Tex. 86, 76 S. W. 430.
The cited article, 6730 (6935), specifically de-
clares: 'Whenever it is necessary to drain the
water from any public road, the overseer shall
cut a ditch for that purpose, having due regard

to the natural water flow, and with as little injury as possible to the adjacent landowner; Provided, that in such cases the commissioners' court shall cause the damages to such premises to be assessed and paid out of the general revenues of the county, and in case of disagreement between the commissioners' court and such owner, the same may be settled by suit as in other cases.'

"In Palo Pinto County v. Gaines (Tex. Civ. App.) 168 S. W. 391, it was held that this statute expressly made a county liable for damages to adjacent landowners for the overflow of lands incident to the construction and maintenance of its roadways. In that case, as in this, the road was so constructed as to cause the surface water to accumulate and back upon and over the plaintiff's land and destroy his growing crops. The county was held liable under the statute just quoted, and the Supreme Court refused a writ of error. See, also, Southern Surety Co. v. McGuire (Tex. Civ. App.) 275 S. W. 845; Harris County v. Gerhart, 115 Tex. 449, 283 S. W. 139; Jones County v. Moore, (Tex. Civ. App.) 4 S. W. (2d) 289 (writ refused)."

It is our opinion that your first question should be answered in the affirmative.

It is our opinion in answer to your second question that payment for such damages should be made from the General Fund of the county.

We wish to express our appreciation for your citation of pertinent authorities in your letter.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED 2, 1942

Gerald C. Mann

By

Wm. J. Fanning
Assistant

WJF:GG

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN